930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Susan M. WALLACE, Debtor.
Susan M. WALLACE, Plaintiff-Appellee,
v.
Donald Edward WALLACE, Defendant-Appellant.
 No. 90-3887.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1991.
 
 Before BOYCE F. MARTIN, JR. and RALPH B. GUY, JR., Circuit Judges and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Defendant-debtor, Donald Edward Wallace, appeals from the United States District Court for the Northern District of Ohio, Eastern Division, affirming in part and reversing in part the decision of the U.S. Bankruptcy Court for that district and division finding that certain debts were related to a divorce decree between Donald and his former wife, Susan M. Wallace (Susan), in such a manner to be nondischargeable under 11 U.S.C. Sec. 523(a)(5). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following fifteen years of marriage, Donald and Susan Wallace were divorced in November of 1985. Attendant with the Decree of Divorce was a separation agreement setting forth their respective rights and obligations thereunder.
 
 
 3
 On December 22, 1987, Donald filed a voluntary petition for relief pursuant to the provisions of Chapter 7 of the bankruptcy code. On March 28, 1988, Susan Wallace, listed as a creditor in the bankruptcy petition, filed a complaint to have certain obligations of Donald under the divorce decree declared nondischargeable. The debts in question were medical bills for Susan and the children of the marriage, one medical bill for Susan's stepchild, a utility bill for Susan's household, and a mortgage note, secured by a blanket mortgage on certain property Susan had received in the divorce. On January 23, 1989, the bankruptcy court found Donald was obligated to Susan for the debts as they were in the nature of alimony and support payments, and were nondischargeable.
 
 
 4
 Donald appealed the decision of the bankruptcy court on January 13, 1989. The appeal was referred to a magistrate for a report and recommended decision. The magistrate recommended affirming the bankruptcy court with respect to all debts except one. With respect to the medical bill for Cindy Wallace, Donald's child from a previous marriage who was never adopted by Susan Wallace, the magistrate disagreed with the bankruptcy court, which held that this bill was nondischargeable. The magistrate stated that because Cindy was not one of the couple's children, her support was not covered by the divorce decree, did not fall within the exception of Sec. 523(a)(5), and was therefore dischargeable. Despite Donald's timely objections, the district court adopted the report and recommended decision of the magistrate.
 
 
 5
 On appeal, Donald challenges the bankruptcy court and district court findings that a blanket mortgage assumed by Donald as a result of the divorce decree was nondischargeable as alimony, maintenance, or support under Sec. 523(a)(5). He does not challenge, however, the following debts which were declared nondischargeable by the bankruptcy court: medical bills for Susan and the couple's four children and a propane gas bill for Susan's household. Therefore, the disposition of those debts is considered abandoned and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Upon review, we affirm the district court's order. "Hold harmless" clauses can create nondischargeable obligations. See In re Calhoun, 715 F.2d 1103, 1106-07 (6th Cir.1983). Calhoun also holds that the bankruptcy court's determination of whether a loan assumption constitutes a nondischargeable support obligation is a factual finding only reviewable in the court of appeals under the clearly erroneous standard of Fed.R.Civ.P. 52.
 
 
 7
 After a review of the record, we conclude that the bankruptcy judge's findings are not clearly erroneous. Accordingly, the district court's order affirming in part and reversing in part the decision of the bankruptcy court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.